USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/11/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBANIABEG AMBIENT SH.P.K.,

Plaintiff,

- against -

ENEL S.P.A. AND ENELPOWER S.P.A.,

Defendants.

15 Civ. 3283 (PGG)

**MEMORANDUM
OPINION & ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Albaniabeg Ambient Sh.p.k. ("Albaniabeg") moved for summary

judgment in lieu of complaint in New York state court to enforce a judgment of the Tirana

District Court in Albania against Defendants Enel S.p.A. ("Enel") and Enelpower S.p.A.

("Enelpower"). On April 27, 2015, Defendants removed this action to this Court pursuant to the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205.

Plaintiff now moves to remand, arguing that this Court does not have subject matter jurisdiction

over this action. For the reasons set forth below, Plaintiff's remand motion will be granted.

**BACKGROUND[1]**

**I.      FACTUAL BACKGROUND**

In 1997, BEG S.p.A. ("BEG"), an Italian company, obtained a concession from

the Republic of Albania to construct and operate a hydroelectric power plant in Kalivaç, Albania

(the "Kalivaç project"). (Cheng Decl. (Dkt. No. 25), Ex. 8 at 4) On March 2, 1999, BEG

entered into a seven-month cooperation agreement with Enel – Italy's largest power company –

---

[1]  The page numbers of documents referenced in this Order correspond to the page numbers
designated by this District's Electronic Case Filing system.

in which the parties agreed to prepare studies to determine the feasibility of the Kalivaç project. (See Perez-Marques Decl. (Dkt. No. 29), Ex. J)

On February 2, 2000, BEG and Enelpower entered into a second agreement that extended the period of cooperation for another seven months (the "February 2, 2000 Agreement"). (See Cheng Decl. (Dkt. No. 25), Ex. 13)  Enelpower is a subsidiary of Enel that provides engineering and contracting services for power generation and transmission. (See Perez-Marques Decl. (Dkt. No. 29), Ex. DD at 2)  The February 2, 2000 Agreement contains an arbitration clause stating that "[a]ny dispute that may arise regarding the validity, interpretation and/or performance of this agreement must be submitted for a decision by [three] arbitrators, according to the Arbitration Rules of the National and International Arbitration Chamber of Rome."  (Cheng Decl. (Dkt. No. 25), Ex. 13 at 9)

The parties terminated their relationship on September 25, 2000, after disputes arose over the Kalivaç project. (See Perez-Marques Decl. (Dkt. No. 29), Ex. H at 22-23)  On November 23, 2000, BEG initiated arbitration proceedings against Enelpower in the Arbitration Chamber of Rome, asserting breach of contract claims under the February 2, 2000 Agreement. (Cheng Decl. (Dkt. No. 25), Ex. 12)  The arbitration panel issued an award in which it found that Enelpower was not liable to BEG for damages (the "Arbitration Award"). (Id.)

BEG contested the enforceability of the Arbitration Award, however, arguing, inter alia, that a member of the arbitration panel – Natalino Irti – had a conflict of interest that he had not disclosed. (See Perez-Marques Decl. (Dkt. No. 29), Ex. Q at 3)  The Arbitration Award was subsequently upheld by the District Court of Rome, the Rome Court of Appeals, and the Supreme Court of Italy. (See Perez-Marques Decl. (Dkt. No. 29), Ex L. at 4-7)

On May 19, 2004, Albaniabeg – an Albanian company wholly owned by BEG

(see Perez-Marques Decl. (Dkt. No. 29), Ex. M at 3-4; Ex. N ¶ 1.1) – filed an action against Enel

and Enelpower in the Tirana District Court in Albania, asserting tort and unfair competition

claims related to the Kalivaç project. (Cheng Decl. (Dkt. No. 25), Ex. 8)  On March 24, 2009,

the Tirana District Court issued a decision finding Enel and Enelpower liable to Albaniabeg for

(1) non-contractual damages for 2004 in the amount of 25,188,500 Euros, and (2) non-

contractual damages for 2005 through 2011 in an amount to be determined by court-appointed

experts using a formula provided in the decision (the "Albanian Judgment").  (Id. at 25-26)  Enel

and Enelpower subsequently appealed to the Court of Appeals of Tirana and the Supreme Court

of Albania, but these courts upheld the lower court's decision.  See Cheng Decl. (Dkt. No. 25),

Exs. 9-11.  The European Court of Human Rights likewise rejected Enel and Enelpower's

challenge to the Albanian Judgment.  See Perez-Marques Decl. (Dkt. No. 29), Ex. I.

## II.    PROCEDURAL HISTORY

On March 24, 2014, Albaniabeg commenced the instant action seeking to enforce

the judgment of the Tirana District Court against Enel and Enelpower.  (Notice of Removal (Dkt.

No. 1) ¶ 3)  Albaniabeg moved for summary judgment in lieu of complaint in New York state

court, and brings this action pursuant to Article 53 of the New York Civil Practice Law and

Rules ("N.Y. C.L.P.R."), which provides for the enforcement of foreign judgments.  See N.Y.

CPLR § 5301 et seq.

On April 27, 2015, Defendants removed this action to this Court pursuant to the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the

"Convention"), 9 U.S.C. § 205.  (Notice of Removal (Dkt. No. 1))  Defendants argue that this

action "relates to" an arbitration agreement or award – as required for removal under 9 U.S.C.

§ 205 – because (1) the Albanian Judgment was obtained in violation of the arbitration clause in the February 2, 2000 Agreement; (2) the Albanian Judgment conflicts with the Arbitration Award; and (3) recognition of the Albanian Judgment would be contrary to public policy favoring arbitration. (Id. ¶¶ 35-37)  Albaniabeg now moves to remand, arguing that this Court does not have subject matter jurisdiction over this action. (Dkt. No. 23)

## DISCUSSION

### I.    LEGAL STANDARD

The party seeking to preserve removal has the burden of proving that subject matter jurisdiction exists. S.M. v. Oxford Health Plans (NY), Inc., No. 12 CIV. 4679 PGG, 2013 WL 1189467, at *2 (S.D.N.Y. Mar. 22, 2013) (citing Pan Atl. Group v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995)). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." Goel v. Ramachandran, 823 F. Supp. 2d 206, 210 (S.D.N.Y. 2011) (quoting United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

On a motion for remand, a district court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff," In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996), and, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [the court] must resolve any doubts against removability." In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation and alteration omitted); see also Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) ("Any doubts regarding the propriety of removal

are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994))).

## II.    SUBJECT MATTER JURISDICTION

### A.    Applicable Law

"[T]he United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . [,] 21 U.S.T. 2517; 330 U.N.T.S. 38 (Dec. 29, 1970)[,] . . . governs the enforcement of arbitral awards stemming from disputes that are 'commercial and . . . not entirely between citizens of the United States.'" PDV Sweeny, Inc. v. ConocoPhillips Co., No. 14-CV-5183 AJN, 2015 WL 5144023, at *4 (S.D.N.Y. Sept. 1, 2015) amended, No. 14-CV-5183 (AJN), 2015 WL 9413880 (S.D.N.Y. Dec. 21, 2015) (quoting Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 391 (2d Cir. 2011)). "'[T]he goal of the Convention is to promote the enforcement of arbitral agreements in contracts involving international commerce so as to facilitate international business transactions.'" Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999) (quoting David L. Threlkeld & Co. v. Metallgesellschaft Ltd., 923 F.2d 245, 250 (2d Cir. 1991)).

The Federal Arbitration Act ("FAA") implements the Convention domestically. PDV Sweeny, Inc., 2015 WL 5144023, at *4; see Emirates Int'l Inv. Co., LLC v. ECP Mena Growth Fund, LLC, No. 11 CIV. 9227 JGK, 2012 WL 2198436, at *5 (S.D.N.Y. June 15, 2012) ("Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 et seq., . . . makes the Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . enforceable in federal courts."); Goel, 823 F. Supp. 2d at 210 ("Congress implemented the . . . Convention by enacting Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–208.").

"Section 203 [of the FAA] provides federal subject matter jurisdiction for an 'action or proceeding falling under the Convention. . . .'" Gerling Glob. Reinsurance Corp. v. Sompo Japan Ins. Co., 348 F. Supp. 2d 102, 104 (S.D.N.Y. 2004) (quoting 9 U.S.C. § 203). Section 203 states that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

"[S]ection 205 of the FAA . . . permits removal of an action that 'relates to' an arbitration or arbitral award under the [Convention]." Holzer v. Mondadori, No. 12 CIV. 5234 NRB, 2013 WL 1104269, at *4 (S.D.N.Y. Mar. 14, 2013). Section 205 states that

> [w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

## B. Analysis

### 1. Whether Section 205 Confers Subject Matter Jurisdiction

In their notice of removal, Defendants assert that this Court has subject matter jurisdiction over this action under Section 205 of the FAA. (Notice of Removal (Dkt. No. 1) ¶ 28) Plaintiff argues, however, that "Section 205 is a removal statute [that] . . . does not confer subject matter jurisdiction on federal courts." (Pltf. Br. (Dkt. No. 24) at 17) According to Plaintiff, "[u]nder the FAA, this Court must independently look to Section 203 to determine whether subject matter jurisdiction exists." (Id.)

In <u>Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.</u>, 668 F.3d 60, 71 (2d Cir. 2012), the Second Circuit stated that "the FAA does not 'independently confer subject matter jurisdiction on the federal courts,'" and that "'[t]here must be an independent basis of jurisdiction before a district court may entertain petitions' to confirm or vacate an [arbitration] award under the FAA." <u>Scandinavian Reinsurance Co.</u>, 668 F.3d at 71 (quoting <u>Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont</u>, 565 F.3d 56, 63 (2d Cir. 2009)). The Convention, as incorporated into Section 203 of the FAA, "provides federal [subject matter] jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention. . . ." <u>Id.</u>; <u>see</u> <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 863 F. Supp. 2d 351, 354 (S.D.N.Y. 2012) ("[T]he Convention, as incorporated into Chapter 2 of the FAA, 'provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention. . . .'" (footnote omitted) (quoting <u>Scandinavian Reinsurance Co. Ltd</u>, 668 F.3d at 71)).

Relying on <u>Scandinavian Reinsurance Co.</u>, courts in this District look to Section 203 to determine subject matter jurisdiction under the Convention. <u>See, e.g.</u>, <u>Hess Corp. v. Dorado Tanker Pool, Inc.</u>, No. 14 CIV. 6412 NRB, 2015 WL 915294, at *4-5 (S.D.N.Y. Mar. 4, 2015) (noting that "[t]he FAA does not by itself confer subject-matter jurisdiction on the federal courts," and that subject matter jurisdiction is provided by the Convention pursuant to Section 203 of its implementing legislation (citing <u>Scandinavian Reinsurance Co.</u>, 668 F.3d at 71)); <u>Zurich Am. Ins. Co. v. Team Tankers A.S.</u>, No. 13CV8404, 2014 WL 2945803, at *3 (S.D.N.Y. June 30, 2014), <u>aff'd</u>, 811 F.3d 584 (2d Cir. 2016) (noting that "'[t]here must be an independent basis of jurisdiction . . . under the FAA,'" and that Section 203 provides federal courts with subject matter jurisdiction under the Convention (quoting <u>Scandinavian Reinsurance Co.</u>, 668

F.3d at 71)); Holzer, 2013 WL 1104269, at *6 (noting that "'[t]he FAA does not independently

confer subject matter jurisdiction on the federal courts,'" and that "[S]ection 203 provides the

requisite statutory grant of jurisdiction" (quoting Scandinavian Reinsurance Co., 668 F.3d at

71)); Kolel Beth Yechiel Mechil of Tartikov, Inc., 863 F. Supp. 2d at 354 (noting that "'[t]he

FAA does not independently confer subject matter jurisdiction'" and that the Convention as

incorporated into Section 203 provides subject matter jurisdiction (quoting Scandinavian

Reinsurance Co., 668 F.3d at 71)).

Moreover, courts in this District treat removal authorization under Section 205 as

distinct from subject matter jurisdiction under Section 203.  In Holzer, for example, a court

considering a remand motion noted that "a federal district court must have both removal

jurisdiction [under Section 205] and subject matter jurisdiction [under Section 203] in order to

preside over a case removed from state court."  Holzer, 2013 WL 1104269, at *6 (citing

Scandinavian Reinsurance Co., 668 F.3d at 71).  The court further stated that "[S]ection 203 of

the FAA provides the requisite statutory grant of [subject matter] jurisdiction."  Id.

Similarly, in Kolel Beth Yechiel Mechil of Tartikov, Inc., the court "[e]xamin[ed]

subject matter jurisdiction as distinct from removal jurisdiction" in evaluating a remand motion

in an action to vacate an arbitral decision.  Kolel Beth Yechiel Mechil of Tartikov, Inc., 863 F.

Supp. 2d at 356.  Citing Section 203 and quoting Scandinavian Reinsurance Co., the court

concluded that there is subject matter jurisdiction "'over actions to confirm or vacate an arbitral

award that is governed by the Convention. . . .'"  Id. at 354 (quoting Scandinavian Reinsurance

Co., 668 F.3d at 71; citing 9 U.S.C. § 203); see id. at 356 ("Examining subject matter jurisdiction

as distinct from removal jurisdiction, the Court also finds that it has subject matter jurisdiction

over the Removed Action," because "the Removed Action is an attempt to vacate the Arbitration

Decision.")  The court then separately considered whether removal was proper under the

"removal provision, 9 U.S.C. § 205."  Id. at 354-56.

In sum, courts in this District treat Section 205 as a removal statute that does not

confer subject matter jurisdiction.  In making a determination as to subject matter jurisdiction,

courts look to Section 203.

Relying on Banco de Santander Cent. Hispano, S.A. v. Consalvi Int'l Inc., 425 F.

Supp. 2d 421, 431 (S.D.N.Y. 2006), however, Defendants contend that Section 205 is a source of

subject matter jurisdiction.  See Def. Br. (Dkt. No. 28) at 29-31 (citing Banco de Santander, 425

F. Supp. 2d at 426).  That decision pre-dates Scandinavian Reinsurance Co., however, and to the

extent that it suggests that Section 205 provides a grant of subject matter jurisdiction, this Court

concludes that it is no longer good law.

###    2.    Whether Section 203 Confers Subject
       Matter Jurisdiction Over This Action

Plaintiff contends that Section 203 does not provide this Court with subject matter

jurisdiction over this case.  See Pltf. Br. (Dkt. No. 24) at 16.  Plaintiff notes that it is seeking to

enforce a judgment of the Tirana District Court against Defendants under Article 53 of the N.Y.

C.P.L.R., and argues that "[u]nder these circumstances . . . no court has ever found [subject

matter jurisdiction] under the FAA."  (Pltf. Reply Br. (Dkt. No. 26) at 1)

"[T]he Second Circuit has interpreted [Section 203] narrowly, limiting it to

actions to compel, confirm, or vacate an arbitral award" and "several other measures . . . in aid of

an arbitration."  Holzer, 2013 WL 1104269, at *6 & n.8 (citing Scandinavian Reinsurance Co.,

668 F.3d at 71; Goel, 823 F. Supp. 2d at 215; Emirates Int'l Inv. Co., 2012 WL 2198436, at *5-

6).  In Scandinavian Reinsurance Co., the Second Circuit held that Section 203 "provides federal

jurisdiction over actions to confirm or vacate an arbitral award that is governed by the

9

Convention. . . ." Scandinavian Reinsurance Co., 668 F.3d at 71; see Zurich Am. Ins. Co., 2014

WL 2945803, at *3 ("Federal courts have subject matter jurisdiction over petitions to confirm or

vacate awards that are governed by the New York Convention." (citing 9 U.S.C. § 203;

Scandinavian Reinsurance Co., 668 F.3d at 71)). In addition, courts in this Circuit have found

Section 203 jurisdiction where a party seeks to compel arbitration, enjoin or stay an arbitration

proceeding, or enjoin a proceeding "in aid of arbitration." See z v. Chevron, 638 F.3d 384, 391

n.6 (2d Cir. 2011) (concluding that subject matter jurisdiction exists where "a court acts to

protect its prior judgments by staying incompatible arbitral proceedings otherwise governed by

the Convention"); CRT Capital Grp. v. SLS Capital, S.A., 63 F. Supp. 3d 367, 372-75 (S.D.N.Y.

2014) (finding jurisdiction over proceeding to enjoin an arbitration; collecting cases); see also

Emirates Int'l Inv. Co., LLC, 2012 WL 2198436, at *5-6 (acknowledging case law providing that

a district court has jurisdiction over provisional remedies in aid of arbitration, such as a

preliminary injunction pending arbitration); Unicorn Bulk Traders Ltd. v. Fortune Mar.

Enterprises, Inc., No. 08 CIV. 9710(PGG), 2009 WL 125751, at *3 (S.D.N.Y. Jan. 20, 2009)

(noting that "jurisdiction under the Convention . . . exists . . . where a party seeks to compel

arbitration, enforce an arbitral award, or obtain preliminary relief in aid of arbitration." (citing

Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 391 n.5 (2d Cir. 1989); Borden,

Inc. v. Meiji Milk Prods. Co., Ltd., 919 F.2d 822, 826 (2d Cir. 1990)).

Here, however, no party seeks to confirm or vacate an arbitral award, to compel

arbitration, to stay or enjoin arbitration proceedings, or to obtain preliminary relief in aid of

arbitration. Instead, Plaintiff brings this action to enforce a judgment of the Tirana District

Court, pursuant to Article 53 of the N.Y. C.P.L.R. Neither the Second Circuit nor any court in

this District has found Section 203 subject matter jurisdiction in such circumstances. Although

certain defenses asserted in this action relate to arbitration – namely, that "Albaniabeg obtained the judgment it seeks to enforce in violation of a binding agreement to arbitrate, and in defiance of a prior arbitral award in defendants' favor" (Def. Br. (Dkt. No. 28) at 9) – this Court is aware of no case suggesting that Section 203 and the Convention provide subject matter jurisdiction where a defendant opposing enforcement of a foreign court's judgment interposes – as a defense – an arbitration award or an agreement to arbitrate.  Stated another way, an action to enforce a foreign court's judgment is not converted to "an action or proceeding under the Convention" merely because a defendant raises – as a defense in the enforcement action – a prior arbitration award or an agreement to arbitrate.

Defendant argues, however, that in Republic of Ecuador, 638 F.3d 384, the Second Circuit interpreted Section 203's grant of subject matter jurisdiction expansively.  (Def. Br. (Dkt. No. 28) at 32-33) (citing Republic of Ecuador, 638 F.3d at 391 n.6)  In that case, the Second Circuit concluded that an action to stay arbitral proceedings falls within Section 203's grant of subject matter jurisdiction: "[W]e conclude that the case law applying the New York Convention and the federal policy favoring arbitration apply where a court acts to protect its prior judgments by staying incompatible arbitral proceedings otherwise governed by that Convention." Republic of Ecuador, 638 F.3d at 391 n.6.  The Second Circuit's conclusion that Section 203 and the Convention provide a court with subject matter jurisdiction in such circumstances does not suggest, however, that Section 203 and the Convention also provide subject matter jurisdiction in actions to enforce a foreign court's judgment where that judgment is alleged to be inconsistent with a prior arbitration decision or agreement to arbitrate.  Indeed, no court has concluded that Republic of Ecuador announces such an expansion of Section 203 jurisdiction.  Such a view would be inconsistent with decisions recognizing that Section 203's

grant of subject matter jurisdiction is "interpreted . . . narrowly." Holzer, 2013 WL 1104269, at
*6.

In sum, Republic of Ecuador does not alter this Court's conclusion that Section
203 and the Convention do not provide subject matter jurisdiction over actions to enforce a
foreign court's judgment, even where a party contends that the foreign court's judgment is
inconsistent with an earlier arbitration award or an agreement to arbitrate.

Because this Court lacks subject matter jurisdiction, this action will be remanded
to state court.

## III.   ATTORNEYS' FEES AND COSTS

Albaniabeg requests that this Court award it the attorneys' fees and costs it
incurred as a result of Defendants' improper removal of this action, pursuant to 28 U.S.C.
§ 1447(c). (Pltf. Br. (Dkt. No. 24) at 7)  Section 1447(c) provides, in relevant part, that "[a]n
order remanding [a] case may require payment of just costs and any actual expenses, including
attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Courts generally award
attorneys' fees and costs under Section 1447(c) "only where the removing party lacked an
objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S.
132, 141 (2005).  Whether to award attorneys' fees and costs under Section 1447(c) "requires
application of a test of overall fairness given the nature of the case, the circumstances of the
remand, and the effect on the parties." Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d
917, 924 (2d Cir. 1992) (internal quotation omitted).

In considering the propriety of such an award, this Court recognizes that
"[Section] 205 removal . . . raise[s] a difficult question that has barely been discussed by the
courts." Goel, 823 F. Supp. 2d at 220-21; see also Kolel Beth Yechiel Mechil of Tartikov, Inc.,

12

863 F. Supp. 2d at 354 ("'[F]ew published decisions concern § 205 removal and fewer still address removal and subject matter jurisdiction at any length.'" (quoting <u>Banco de Santander</u>, 425 F. Supp. 2d at 427)).

While this Court concludes that it lacks subject matter jurisdiction, it does not find that Defendants' removal of this action was objectively unreasonable. Accordingly, Albaniabeg's request for an award of attorneys' fees and costs will be denied. <u>See</u> <u>Goel</u>, 823 F. Supp. 2d at 220-21 ("Although the Court has ultimately determined that removal was improper, . . . the Court concludes that there was a reasonable basis for attempting to remove the case and, therefore, awarding attorneys' fees is not warranted.").

## CONCLUSION

For the reasons stated above, Albaniabeg's motion to remand this action to state court (Dkt. No. 23) is granted, but its request for an award of attorneys' fees and costs is denied. The Clerk of the Court is directed to close this case and return the matter to the Clerk of the Supreme Court for the State of New York, New York County. Any other pending motions are moot.

Dated: New York, New York
       March 10, 2016

SO ORDERED.

Paul G. Gardephe
United States District Judge

13